**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 23-CR-00046-SEH |
| JAJUAN ALEXANDER MARKHAM, | |
| Defendant. | |

## OPINION AND ORDER

Before the Court is Defendant Jajuan Markham's *pro se* motion, requesting a copy of his sentencing transcript.[1] [ECF No. 67]. Defendant was sentenced on June 28, 2024. [ECF No. 64]. He asserts that a copy of his sentencing transcript is "required to assist [him] in drafting a pro se motion under 28 U.S.C. § 2255." [ECF No. 67 at 1]. However, he does not identify any authority that would allow the Court to exercise jurisdiction over his motion or explain why the sentencing hearing transcript is necessary. Therefore, his motion is dismissed for lack of subject-matter jurisdiction.

---

[1] Although Defendant titles his motion a "Motion for Transcripts and Any Investigative Reports," in a 9-item list of materials, he places a check mark only next to "Sentencing Transcript Hearing" and specifically asks, "Could you please provide/send [him] his Sentencing Transcript …?" [ECF No. 67 at 1].

"[I]n every federal criminal prosecution subject-matter jurisdiction comes from 18 U.S.C. § 3231, ... That's the beginning and the end of the jurisdictional inquiry." *United States v. Tony*, 637 F.3d 1153, 1158 (10th Cir. 2011) (cleaned up). "But § 3231 jurisdiction ends when the district court enters final judgment in the criminal case and the time to appeal that judgment has expired." *United States v. James*, 728 F. App'x 818, 822 (10th Cir. 2018) (citations omitted). Here, judgment was entered on June 28, 2024. [ECF No. 65]. Defendant's time to appeal the judgment expired 14 days later, on July 12, 2024. Fed. R. App. P. 4 (b)(1)(A)(i). Therefore, the Court lost § 3231 jurisdiction the same day.

"After entry of final judgment, a district court has jurisdiction only to the extent permitted by statute or rule." *James*, 728 F. App'x at 822 (citation omitted). By itself, § 3231 "doesn't give the district court jurisdiction over all post-conviction motions, particularly motions filed in anticipation of filing a § 2255 motion." *United States v. Garcia-Herrera*, 894 F.3d 1219, 1220 (10th Cir. 2018). Because Defendant fails to present any authority supporting jurisdiction, he has not met his burden of establishing that the Court has jurisdiction over his post-conviction motion. *See id.* (finding appellant did not meet his burden of establishing the district court had jurisdiction over his post-conviction motion to compel when he did not proffer any support for jurisdiction).

If Defendant wishes to file a post-conviction motion under 28 U.S.C. § 2255—which is a civil matter—he should first file his § 2255 motion and a motion to proceed *in forma pauperis*; if the Court grants the motion to proceed *in forma pauperis*, Defendant may file a new motion for his sentencing hearing transcript so that the Court can determine whether the suit "is not frivolous and that the transcript is needed to decide the issue presented by the suit[.]" 28 U.S.C. § 753(f). "Under 28 U.S.C. § 753(f), an indigent defendant is entitled to have the government pay the fees for a copy of his transcript in a § 2255 proceeding only if he demonstrates that his suit is not frivolous and that the transcript is needed to decide the issue presented by the suit." *Sistrunk v. United States*, 992 F.2d 258, 259 (10th Cir. 1993). Accordingly, whether Defendant is entitled to a free transcript depends on whether he satisfies the requirements of § 753(f).

**IT IS THEREFORE ORDERED** that Defendant's Motion for Transcripts and Any Investigative Reports [ECF No. 67] is DISMISSED for lack of subject-matter jurisdiction.

DATED this 7th day of April, 2026.

Sara E. Hill
UNITED STATES DISTRICT JUDGE

3